UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**KEDARIUS KENTRELL JEFFERSON,**
**TDCJ-CID NO. 02431716,**

Petitioner,

v. **No. 4:25-cv-0966-P**

**DIRECTOR, TDCJ-CID,**

Respondent.

## OPINION AND ORDER

Kedarius Kentrell Jefferson, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge his 2021 Tarrant County conviction for aggravated robbery. Having considered the parties' pleadings, state-court record, and applicable authorities, the Court concludes that the petition must be **DENIED**.

## BACKGROUND

On October 14, 2016, Petitioner was indicted on charges of engaging in organized criminal activity in Case No. 1465463D. ECF No. 34-1, Ex. B. Petitioner entered a guilty plea, and the 213th District Court of Tarrant County, Texas, deferred adjudication of his guilt and placed him on 10 years' community supervision. *Id.* Ex. A.

On April 13, 2020, the State filed a petition to proceed to adjudication, alleging that Petitioner violated the terms of his community supervision by committing the offense of aggravated robbery on March 8, 2020. ECF No. 34-1, Ex. D. The trial court found that the State's allegations were true, revoked Petitioner's community

supervision, and sentenced him to twelve years' imprisonment in TDCJ custody on the lesser included offense of aggravated robbery. *Id.* Ex. H.[1]

The Second Court of Appeals affirmed the judgment with minor corrections. *Jefferson v. State*, No. 02-21-00133-CR, 2023 WL 2703807 (Tex. App.—Fort Worth Mar. 30, 2023, pet. denied). The Texas Court of Criminal Appeals ("CCA") denied his petition for discretionary review and his subsequent motion for rehearing. *Id.*; ECF No. 34-2, Ex. M; *id.* Ex. N. Petitioner also filed a state habeas application, which the CCA denied without written order on the findings of the trial court and its independent review of the record. ECF No. 34-2, Ex. U.

Petitioner submitted his federal habeas petition for filing August 15, 2025, in the Western District of Texas. ECF No. 1 at 23 (signature page) [2]. It was subsequently transferred to this Court. ECF No. 4.

## GROUNDS OF THE PETITION

Petitioner asserts two grounds for relief. First, the State committed prosecutorial misconduct in:

1. failing to disclose exculpatory and impeachment evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and the Michael Morton Act[3];
2. failing to correct false or misleading testimony from Detective Johnson;
3. coercing accomplice witnesses into giving false testimony against him under threat of incarceration;
4. bolstering witness credibility; and,
5. violating the Confrontation Clause.

Second, Petitioner received ineffective assistance because counsel failed to:

6. adequately confer with Petitioner to prepare a defense;

---

[1] The Judgment Adjudicating Guilt incorrectly states that Petitioner pled "True" to the Motion to Adjudicate; this clerical error was corrected on appeal. *See* ECF No. 27-7 at 3.

[2] The page number references to the petition are to "Page __ of 23" reflected at the top right portion of the document on the Court's electronic filing system.

[3] Tex. Code Crim. Proc. Ann. § 39.14.

7. Independently investigate the facts and interview witnesses;
8. object to the State's hearsay identifications; and
9. have evidence subjected to the disclosure requirements of the Michael Morton Act.

ECF No. 1 at 5–16; ECF No. 1-4

## LEGAL STANDARDS

### A. 28 U.S.C. § 2254

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v.*

*Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Court of Criminal Appeals of Texas denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

When reviewing a petitioner's claims under Section 2254(d), the Court is limited to the evidentiary record that was presented in the state court proceeding. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## ANALYSIS

### A. Prosecutorial Misconduct Claims

Petitioner argues that he is entitled to habeas relief because of prosecutorial misconduct that occurred during the revocation hearing. First, Petitioner alleges that the State failed to provide impeachment evidence—Detective Johnson's sworn affidavit, search warrant, and evidence inventory sheet—to the defense. ECF No. 1 at 7.

To establish a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), a defendant must show that (1) evidence was suppressed, (2) the suppressed evidence was favorable to the defendant, and (3) the suppressed evidence was material to either guilt or punishment. *United States v. Runyon*, 290 F.3d 223, 245 (5th Cir. 2002). Evidence is material if there is a reasonable probability that the outcome would have been different if the suppressed evidence had been disclosed to the defendant. *Id.* Moreover, *Brady* does not oblige the government to provide evidence that a defendant could obtain from other sources by using reasonable diligence. *United States v. McKenzie*, 768 F.2d 602, 608 (5th Cir. 1985). When the evidence is equally available to the defense and prosecution, the defendant must bear responsibility for the failure to diligently seek its discovery. *Id.* The State is under no obligation to point the defense toward potentially exculpatory evidence when that evidence is in the possession of the defendant or can be discovered using due diligence. *Rector v. Johnson*, 120 F.3d 551, 558–59 (5th Cir. 1997). Nor is it obliged to make a complete and detailed accounting to the defendant of all investigatory work done. *Id.* at 560.

Under Texas law, the Michael Morton Act requires the State to "disclose to the defendant any exculpatory, impeachment, or mitigating document, item, or information" in the State's possession that "tends to negate the guilt of the defendant or would tend to reduce the punishment for the offense charged." Tex. Code Crim. Proc. Ann. § 39.14(h). The State is also required to disclose and provide for inspection documents, photographs, or objects in the State's possession "that constitute or contain evidence material to any matter involved in the action," but only upon the defendant's "timely request." *Id.* § 39.14(a).

This argument was made in the state habeas application, and the trial court found that defense counsel received complete and open discovery from the State and had complete access to the State's file. ECF No. 34-2, Ex. R at 240, 249.[4] The trial court also concluded that Petitioner had failed to prove that defense counsel had not advised him of the evidence the State possessed. *Id.* at 250. The court based these findings on defense counsel's affidavit, ECF No. 34-2, Ex. P at 179–80, which the court concluded was credible and supported by the record. ECF No. 34-2, Ex. R at 247. Petitioner has not rebutted the presumed correctness of the trial court's fact findings by clear and convincing evidence, *Hill*, 210 F.3d at 486, and thus fails to show that the State suppressed evidence in violation of *Brady*.

Rather than offer evidence in support of his claims, Petitioner instead argues that the State failed to provide proof on the record that information was disclosed to the defense, as required by the Michael Morton Act. ECF No. 1 at 7. But the duties imposed by the Michael Morton Act go beyond the constitutional due process requirements implicated under *Brady*. *Watkins v. State*, 619 S.W.3d 265, 277 (Tex. Crim. App. 2021). As discussed above, Petitioner has not shown that the State suppressed evidence in violation of *Brady*. And because this court's habeas review is limited to violations of the "Constitution, laws, or treaties of the United States," Petitioner's claims under the Michael

[4] The page number references to ECF No. 34-2 are to "Page __ of 261" reflected at the top right portion of the document on the Court's electronic filing system.

Morton Act are not cognizable here. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Second, Petitioner alleges that the State allowed Detective Johnson to falsely testify about the results of his investigation, including the I.P. addresses found by digital forensics, the victim's physical description of his assailant, and where the shooting occurred relative to Petitioner's vehicle. ECF No. 1 at 7–8. Third, Petitioner alleges that the State coerced two accomplice witnesses—Shania King and Branije Washington—into giving false testimony against Petitioner under threat of imprisonment. *Id.* at 8–9.

In order to demonstrate a violation under *Napue v. Illinois*, 360 U.S. 264 (1959), the petitioner must show that (1) the particular testimony was actually false, (2) the government knew it was false, and (3) the testimony was material. *United States v. Stanford*, 823 F.3d 814, 838–39 (5th Cir. 2016); *Boyle v. Johnson*, 93 F.3d 180, 186 (5th Cir. 1996). Simply because testimony at trial is different does not equate to perjury. *See Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990) (contradictory testimony or inconsistencies in testimony are to be resolved by the trier of fact).

These arguments were raised in the state habeas application, and the trial court made extensive findings of fact. ECF No. 34-2, Ex. R at 241–45. The trial court found that Washington's affidavit—which purported to recant her in-court testimony–was not credible. *Id.* at 245. The trial court concluded that Petitioner had failed to prove that the State presented perjured testimony, false evidence, or misleading evidence. *Id.* at 250.

Petitioner has not rebutted the presumed correctness of the fact findings by clear and convincing evidence. *Hill*, 210 F.3d at 486. Petitioner relies on Detective Johnson's warrant affidavit, which he claims is at various points inconsistent with his testimony in court. *See* ECF No. 1 at 7–8. But mere inconsistencies between Detective Johnson's trial testimony and prior sworn affidavits do not establish perjury; instead, these differences implicate the witness' credibility. *Koch*, 907 F.2d at 531. Even assuming Detective Johnson's testimony was false,

Petitioner has not shown that the State knew it was false. The Court therefore concludes that Petitioner has not met his burden of establishing entitlement to relief.

Fourth, Petitioner alleges that the State improperly bolstered the credibility of its witnesses by downplaying the culpability of the accomplice witnesses and asking Petitioner on cross-examination why said witnesses would lie. ECF No. 1 at 9–10. Fifth, Petitioner alleges that the State violated the Confrontation Clause by allowing Detective Johnson to offer hearsay identifications of Petitioner made by King and Detective Olson. *Id.* at 9.

Improper questioning by a prosecutor warrants reversal of a conviction if it substantially affected the defendant's right to a fair trial. *United States v. Bermea*, 30 F.3d 1539, 1563 (5th Cir. 1994). Courts consider three factors when weighing whether the effect on the right to a fair trial: "the magnitude of the prejudicial effect of the remark, the efficacy of any cautionary instruction, and the strength of the evidence of the defendant's guilt." *United States v. Johnston*, 127 F.3d 380, 398 (5th Cir. 1997) (quoting *Bermea,* 30 F.3d at 1563). A district judge, as "an experienced trier of fact . . . is presumed to have reached a verdict based only on permissible and admissible evidence and to have disregarded any improper statements." *United States v. Gassaway*, 856 F. App'x 504, 507 (5th Cir. 2021). And where objected-to testimony is duplicative of other testimony or evidence, the resulting error is harmless. *United States v. Portillo*, 969 F.3d 144, 171 (5th Cir. 2020).

These arguments were raised in the state habeas petition, and the trial court made findings of fact. ECF No. 34-2, Ex. R at 250. Because the revocation hearing was held before a district judge rather than a jury, the verdict was presumably based on "permissible and admissible evidence" rather than "improper statements" by the prosecutor. *Gassaway*, 856 F. App'x at 507. The hearsay identifications of Petitioner are also duplicative of the in-court identifications made by Washington and King. ECF No. 34-2 at 52, 117. Petitioner has not shown that these trial court errors violated his right to a fair trial and thus warrant reversal. Petitioner has not met his burden of establishing entitlement to relief.

### B. Ineffective Assistance of Counsel Claims

In his second ground, Petitioner alleges that defense counsel provided ineffective assistance. To prevail on a claim of ineffective assistance of counsel, the petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (*per curiam*). "The likelihood of a different result must be substantial, not just conceivable," *Harrington*, 562 U.S. at 112, and a petitioner must prove that counsel's errors "so *undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189 (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential, and the petitioner must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

Where the state court adjudicated the ineffective assistance claims on the merits, this Court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *Cullen*, 563 U.S. at 190. In such cases, the "pivotal question" for the Court is not "whether defense counsel's performance fell below *Strickland's* standard;" it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101. In other words, the Court must afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Cullen*, 563 U.S. at 190); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). "Unreasonable" is a substantially higher threshold than "incorrect." *Wooten v. Thaler*, 598 F.3d 215, 222 (5th Cir. 2010). Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

First, Petitioner claims that defense counsel failed to adequately prepare his defense because counsel only met with Petitioner twice, was

unaware of errors in Petitioner's original plea admonishment, and did not attempt to argue that Petitioner was framed or misidentified. ECF No. 1 at 13.

This argument was raised in the state habeas application, and the trial court made extensive findings of fact. ECF No. 34-2, Ex. R at 245–47. Based on defense counsel's affidavits, the trial court found that counsel had numerous conversations with Petitioner, *Id.* at 246, and Petitioner offers no evidence to rebut the presumed correctness of this finding. The trial court further concluded that Petitioner had failed to prove that defense counsel did not properly prepare for the hearing or that further preparation was likely to have changed the hearing's outcome. *Id.* at 251.

Petitioner has not shown that the trial court's *Strickland* analysis was unreasonable. Defense counsel moved for a new trial once he and was made aware of the incorrect plea admonishment; the trial court instead adjudicated Petitioner on the lesser-included offense of aggravated robbery, which carried the punishment range Petitioner had been told when he pled guilty. ECF No. 27-13 at 44–49, 50–52. The record also indicates that Defense counsel focused on discrediting the State's accomplice witnesses; Petitioner offers no credible evidence in support of a viable misidentification or framing theory.[5] Petitioner has not shown that the outcome of the revocation hearing would have been different had defense counsel addressed the plea admonishment sooner or argued a misidentification or framing theory. Because a fair-minded jurist could agree with the trial court on these points, Petitioner has not met his burden of establishing entitlement to relief.

Second, Petitioner claims that defense counsel also failed to investigate the facts of the case by interviewing the State's witnesses, contacting an alibi witness, or investigating the vehicle where the shooting allegedly occurred. ECF No. 1 at 13–14, 16. Third, Petitioner

---

[5] Petitioner appears to rely on Washington's affidavit, and particularly the testimony that the suspect had a prominent tattoo while Petitioner does not. ECF No. 34-2, Ex. Q at 198, 215–16. The trial court found Washington's affidavit to be non-credible, and Petitioner offers no clear and convincing evidence to rebut this finding. ECF No. 34-2, Ex. R at 244–45.

claims that defense counsel failed to enforce the Michael Morton Act and was unaware of inculpatory evidence that would be used against him. *Id.* at 15.

These arguments were raised in the state habeas application, and the trial court made extensive findings of fact. ECF No. 34-2, Ex. R at 245–47. The trial court concluded that Petitioner failed to prove that defense counsel did not adequately advise him, investigate his claims, or prepare for the adjudication hearing. *Id.* at 250–51. The trial court also concluded that Petitioner had not shown a reasonable likelihood that further motions, objections, investigation, or preparation would have changed the outcome of the revocation hearing. *Id.* at 251–52.

Petitioner has not shown that the trial court's *Strickland* analysis was unreasonable. He offers mere speculation about the facts various witnesses would have testified to had defense counsel contacted them; the only evidence of these facts are affidavits prepared by Washington and alibi witness Tanner Manning, both of which the trial court considered and deemed non-credible. ECF No. 34-2, Ex. R at 244–45, 247. Because Detective Johnson conceded that Petitioner's vehicles contained no bullet holes or blood, ECF No. 27-12 at 142–43, counsel's failure to independently investigate that fact did not prejudice Petitioner. And Petitioner argues that counsel's failure to enforce the Michael Morton Act prejudiced him by allowing the State to manufacture evidence—a claim he provides no evidence for, and which was soundly rejected by the trial court. ECF Nos. 1 at 15, 34-2 at 250.

Petitioner has not rebutted the presumed correctness of the fact findings by clear and convincing evidence. *Hill*, 210 F.3d at 486. Nor has he shown that the state courts' application of the *Strickland* standard, ECF No. 34-2, Ex. R at 248–49, was unreasonable. *Harrington*, 562 U.S. at 101.

Fourth, Petitioner alleges that defense counsel failed to object when Detective Johnson testified about King and Detective Olson's hearsay identifications of Petitioner. ECF No. 1 at 15. The trial court considered this argument and made findings of fact rejecting it. ECF No. 34-2, Ex. R at 250. As discussed, the hearsay identifications did not prejudice

Petitioner because they were duplicative of in-court identifications by testifying witnesses and made before a district judge—an "experienced trier of fact" presumed to disregard "improper statements." *Gassaway*, 856 F. App'x at 507. Because the hearsay identifications did not prejudice Petitioner, counsel's failure to object to the identifications did not prejudice Petitioner either. Petitioner has not met his burden of establishing entitlement to relief.

## CONCLUSION

For the reasons discussed herein, the Court concludes that Petitioner has failed to demonstrate that he is entitled to relief under 28 U.S.C. § 2254 and, therefore, **DENIES** his petition.

For the same reasons, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **29th day** of **September 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE